UNITED STATES DISTRICT COURT                    14 CV 2936
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
SEAN DEVOE,

               Plaintiff,

                                          **COMPLAINT &**
    v.                                     **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
DEREK TRICOLI, Shield # 31408,
17th[h] Precinct,
NEW YORK CITY POLICE OFFICER
WAYNE SCOTT, Shield # 28809,
17th Precinct,
NEW YORK CITY POLICE OFFICER
SNYDER, 17th Precinct,

                    Defendant(s).
---------------------------------------------------X

## PRELIMINARY STATEMENT

    1.  This is a Civil Rights action in which the Plaintiff, SEAN DEVOE, seek redress for the

Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983

and of his rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the

Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and

Constitution of the State of New York.

## JURISDICTION

    2.  Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights.  The amount

of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars,

exclusive of interest and costs.

3.  Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.  The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6.  Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7.  Plaintiff, SEAN DEVOE is a  United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State and City of New York.

8.  Defendants, NEW YORK CITY POLICE OFFICER DEREK TRICOLI, Shield Number 31408,  NEW YORK CITY POLICE OFFICER WAYNE SCOTT, Shield Number 28809, and NEW YORK CITY POLICE OFFICER SNYDER, Shield Number Unknown, upon information and belief, all of the New York City Police Department's 17th Precinct, and are at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendants, New York City Police Officers TRICOLI, SCOTT and SNYDER are sued individually and in their official capacities.  At all times relevant Defendants, New York City Police Officers TRICOLI, SCOTT and SNYDER were acting under the color of

State Law in the course and scope of their duties and functions as agents, servants, employees and officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.  Defendants New York City Police Officers TRICOLI, SCOTT and SNYDER were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9.   Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant CITY OF NEW YORK and its Police Department.

10.  THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

11. On May 14, 2013 at approximately 3:40 p.m., the Plaintiff left his high school, the High

School of Arts and Design located in New York County in the vicinity of 2nd Avenue and 56th Street.  Once outside, the Plaintiff walked about a block and observed a numerous students from his school, and saw members of THE NEW YORK CITY POLICE DEPARTMENT arresting an individual that was known to the Plaintiff.  The Plaintiff approached and, observing that the police were being rough with a person being arrested, called for them to stop, from a distance of several feet away.  After saying this, the Plaintiff was approached by named Defendant NEW YORK CITY POLICE OFFICER SNYDER, who proceeded to forcefully shove the Plaintiff in the chest area three or four times, telling the Plaintiff to leave the vicinity.  The Plaintiff followed the orders of Defendant NEW YORK CITY POLICE OFFICER SNYDER and walked away.  After the Plaintiff turned the corner he was approached by named Defendant OFFICERS SCOTT and TRICOLI, who proceeded to push the Plaintiff against a wall, handcuffing the Plaintiff.  When the Plaintiff asked in sum and substance: "why am I being arrested, freedom of speech?" one of the Officers answered "yeah".  The Plaintiff was then physically searched by named Defendant Officers SCOTT and TRICOLI and transported to the 17th Precinct.  Once at the 17th Precinct, the Plaintiff was subjected to another search of his person by members of THE NEW YORK CITY POLICE DEPARTMENT and fingerprinted.  The Plaintiff was eventually transported to Central Booking, where he was subjected to another physical search of his person, photographed and arraigned before a Judge upon criminal charges levied in a Criminal Court complaint which were based upon intentionally false allegations made by named Defendants NEW YORK CITY POLICE OFFICERS TRICOLI and SCOTT, charging the Plaintiff with violating New York Penal Law Sections 195.05(Obstruction of

–4–

Governmental Administration in the 2nd Degree) and 205.30(Resisting Arrest)  The Plaintiff was forced to remain in the custody of the NEW YORK CITY POLICE DEPARTMENT for over twenty four hours, and the Plaintiff's family was required to retain counsel to defend the Plaintiff against the baseless criminal allegations made by the named Defendant Officers. After making two Court appearances the criminal charges against the Plaintiff were dismissed and sealed on September 12, 2013 for failure to provide supporting depositions needed to prosecute the criminal case against Plaintiff.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

12.  Plaintiff incorporate by reference the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

13.  Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER DEREK TRICOLI, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting and detaining the Plaintiff, without probable cause.

14.  That the actions of Defendant NEW YORK CITY POLICE OFFICER DEREK TRICOLI occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth**

**Amendments to the United States Constitution-False Arrest, Unlawful Search**

15.  Plaintiff incorporate by reference the allegations set forth in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16.  That upon information and belief, the conduct of Defendant Officer WAYNE SCOTT, acting under the color of State Law, violated Section 42 U.S.C. 1983 by conducting the unlawful searches, arrest and detention of Plaintiff.

17.  That the actions of Defendant Officer WAYNE SCOTT occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Excessive Force**

18.  Plaintiff incorporate by reference each of the allegations set forth in Paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19.  That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER SNYDER, acting under the color of State Law, violated Section 42 U.S.C. by unlawfully shoving the Plaintiff several times in the chest, without lawful reason or cause.

20.  That the actions of Defendant NEW YORK CITY POLICE OFFICER SNYDER, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm

to Plaintiff.

## FOURTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Due Process Violations, Malicious Prosecution

21.  Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty (20) as if fully set forth herein.

22.  That upon information and belief, the conduct of Defendants, New York city Police Officers DEREK TRICOLI and WAYNE SCOTT, acting under color of State Law, violated section 42 U.S.C. 1983 by falsely and maliciously accusing the Plaintiff of committing New York Penal Law violations without basis in law or fact.

23.  That the actions of Defendants NEW YORK CITY POLICE OFFICERD DEREK TRICOLI and WAYNE SCOTT occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DPEARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

24.  Plaintiff incorporate by reference the allegations contained in Paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25.  That the actions of Defendant NEW YORK CITY POLICE OFFICER DEREK TRICOLI resulted in the false arrest, detention and searches of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

–7–

## SECOND STATE LAW CLAIM

26.  Plaintiff incorporate by reference the allegations contained in Paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27.  That the actions of Defendant NEW YORK CITY POLICE OFFICER DEREK TRICOLI resulted in the intentional infliction of emotional distress to Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

28.  Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER DEREK TRICOLI resulted in the false arrest, detention and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

30.  Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31.  That the actions of Defendants New York City Police Officer WAYNE SCOTT resulted in the false arrest, detention and searches of Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH STATE LAW CAISE OF ACTION

32.  Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty One (31) as if fully set forth herein.

33.   That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants New York City Police Officers WAYNE SCOTT resulted in the false arrest, detention, searches and seizure of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CLAIM

34.   Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35.   That the actions of Defendant New York City Police Officers WAYNE SCOTT and New York City Police Officer SNYDER intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment.

## SEVENTH STATE LAW CLAIM

36.   Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

36.   That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendants NEW YORK CITY POLICE OFFICER DEREK TRICOLI and NEW YORK CITY POLICE OFFICIER WAYNE SCOTT in effectuating the arrest, detention and searches of the Plaintiff without probable cause, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## EIGHTH STATE LAW CLAIM

37.   Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38.   That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat

Superior, is liable for the actions of Defendant New York City Police Officer SNYDER, in that alleged use of excessive force upon Plaintiff without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendants New York City Police Officers DEREK TRICOLI, WAYNE SCOTT and New York City Police Officer SNYDER of the 17th Precinct

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: April 7, 2014

_____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff Sean Devoe
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
